# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | 22-1757, Matthew Gibson v. Louise E. Goldston, et al. |
|---|---|
| **Originating No. & Caption** | 5:21-cv-00181, Matthew Gibson v. Louise E. Goldston, et al. |
| **Originating Court/Agency** | U.S. District Court for the Southern District of West Virginia |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 42 USC 1983 |
| Time allowed for filing in Court of Appeals | 30 days |
| Date of entry of order or judgment appealed | 7/13/2022 |
| Date notice of appeal or petition for review filed | 7/13/2022 |
| If cross appeal, date first appeal filed | |
| Date of filing any post-judgment motion | |
| Date order entered disposing of any post-judgment motion | |
| Date of filing any motion to extend appeal period | |
| Time for filing appeal extended to | |
| Is appeal from final judgment or order? | O Yes   ⊙ No |
| If appeal is not from final judgment, why is order appealable? | |
| Louise E. Goldston is appealing an Order as it relates to a denial of judicial immunity. "[D]enial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1921 . . . : Mitchel v. Forsyth, 472 | |

**Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.)

| Is settlement being discussed? | ⊙ Yes | O No |
|---|---|---|

1/28/2020 SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ○ Yes | ● No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

On March 4, 2020, Matthew Gibson appeared pro se in front of Raleigh County Family Court Judge Louise E. Goldston for a hearing on a Motion for Contempt filed by his ex-wife regarding his alleged failure to provide her property previously awarded to her as a result of their divorce. In the course of the March 4 hearing, Judge Goldston sua sponte recessed the hearing and announced that all parties would reconvene at the Plaintiff's home to determine whether certain disputed items of property were there. Upon arrival at the Plaintiff's home, the Plaintiff immediately approached Judge Goldston and made the Motion to Disqualify. Thereafter, Judge Goldston realized that the Plaintiff was attempting to record the interaction, and ordered the recording ceased, noting that this was a hearing, and that family court proceedings may not be recorded. The Plaintiff verbally refused to permit any persons present to enter his home without a search warrant. Judge Goldston informed him that if he refused entry or refused to cease recording, he would be in contempt of court and would be taken to jail. Thereafter, the parties entered the Plaintiff's home, and the Plaintiff's ex-wife was permitted to locate certain items which had been allocated to her in the divorce settlement, but had not been provided to her.

Based on the foregoing, Matthew Gibson has pled four (4) counts in his Complaint against Louise E. Goldston, all pursuant to 42 U.S.C. § 1983. First, he alleges an unlawful

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. The Court erred in finding that Judge Goldston did not satifisy the two required prongs of "whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."<br><br>2. The Court erred when it disregarded the clear case law instruction that it is not "the particular act in question" that is scrutinized, otherwise "any mistake of a judge in excess of his authority would become a 'nonjudicial' act[] because an improper or erroneous act cannot be said to be normally performed by a judge." |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Matthew Gibson | Adverse Party: |
| Attorney: John H. Bryan<br>Address: Law Office of John H. Bryan<br>PO Box 366<br>Union, WV 24983 | Attorney:<br>Address: |
| E-mail: jhb@johnbryanlaw.com | E-mail: |
| Phone: 304-772-4999 | Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Louise E. Goldston<br><br>Attorney: Jennifer E. Tully<br>Address: Bailey & Wyant, PLLC<br>P. O. Box 3710<br>Charleston, WV 25337-3710<br><br>E-mail: jtully@baileywyant.com<br><br>Phone: 304-345-4222 | Name: Louise E. Goldston<br><br>Attorney: John P. Fuller<br>Address: Bailey & Wyant, PLLC<br>P. O. Box 3710<br>Charleston, WV 25337-3710<br><br>E-mail: jfuller@baileywyant.com<br><br>Phone: 304-345-4222 |
| **Appellant (continued)** ||
| Name: Louise E. Goldston<br><br>Attorney: Adam K. Strider<br>Address: Bailey & Wyant, PLLC<br>P. O. Box 3710<br>Charleston, WV 25337-3710<br><br>E-mail: astrider@baileywyant.com<br><br>Phone: 304-345-4222 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

Signature: /s/ Jennifer E. Tully          Date: August 1, 2022

Counsel for: Louise E. Goldston

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

Signature: /s/ Jennifer E. Tully          Date: August 1, 2022

search and seizure claim in violation of the Fourth Amendment to the *United States Constitution* for ordering the search of the Plaintiff's home, allegedly without a warrant. Second, he alleges violations of the First Amendment for preventing him from video recording the events. Third, he alleges violations of the Fourteenth Amendment Due Process Clause for allegedly failing to provide him with due process during the contempt hearing. Fourth, he alleges violations of the Equal Protection Clause of the Fourteenth Amendment via his claims that Judge Goldston's practice of home inspections disadvantaged *pro se* litigants.

Louise E. Goldston moved for summary judgment based upon the premise that "judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983" even if such acts were allegedly done maliciously, corruptly, or in bad faith and no matter "how erroneous the act may have been, and however injurious in its consequences [the judicial act] may have proved to the plaintiff." *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) (citations omitted); *Plotzker v. Lamberth*, No. 3:08-cv-00027, 2008 U.S. Dist. LEXIS 86198, 2008 WL 4706255, at *4 (W.D. Va. Oct. 22, 2008) (citations omitted). Louise E. Goldston contends that to the extent any of Mr. Gibson's Constitutional Rights were violated, her actions were that a judge, and the parties reacted to her as a judge. In its Memorandum Opinion, the Court found that "[t]he twofold inquiry is (1) whether a search of a residence was an act normally performed by a judge, and (2) the expectations of the parties, namely, whether Mr. Gibson was dealing with Judge Goldston in her judicial capacity." The Court found that Judge Goldston failed to demonstrate either of the two required prongs. Thereby finding that Judge Goldston performed a nonjudicial act and is therefore not entitled to judicial immunity.